UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Peter A. Hawist II,            )
                               )
    Plaintiff,               )
                               )
v.                             )   No. 17 CV 50126
                               )   Magistrate Judge Iain D. Johnston
Nancy A. Berryhill, Acting     )
Commissioner of Social Security,)
                               )
    Defendant.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff Peter A. Hawist II brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA") Commissioner's denial of his application for disability benefits. Hawist asks this Court to reverse the decision of the Commissioner claiming the ALJ's denial of his benefits request was not supported by substantial evidence. He argues that the ALJ's decision should be reversed and remanded for an award of benefits on a number of grounds, but this Court believes the ALJ properly analyzed a range of conflicting testimony and objective medical evidence to reach a conclusion that was adequately supported by the record on nearly all of Hawist's alleged grounds. But on the issue of Hawist's propensity for absenteeism or off-task behavior in the workplace, the ALJ considered evidence in the record, yet did not provide any analysis whatsoever for why he did not account for this evidence in his decision. Because the ALJ "must build an accurate and logical bridge from the evidence to her conclusion," this Court remands this matter for further proceedings consistent with this Memorandum Opinion and Order. *Spicher v. Berryhill*, 898 F.3d 754, 757 (7th Cir. 2018) (internal quotation marks omitted). Plaintiff's Motion for Summary Judgment, ECF No. 17, is granted in part and denied in part. The Commissioner's Motion for Summary Judgment, ECF No. 24, is denied.

## I. Background

Peter A. Hawist II has a long history of physical and mental impairments, including osteoarthritis, back, knee, and shoulder pain, learning difficulty, depression, anxiety, and substance abuse. *See* Pl.'s Mot. for Summ. J., ECF No 17, 2. Beginning in October 2008, Hawist began therapy with Dr. Mohanakumari Naidu for "major depressive affective disorder" and "attention deficit disorder of childhood with hyperactivity." *Id.* Hawist was prescribed Strattera, Prozac, and Doxepin. *Id.* In 2009, a low back MRI showed central herniation at L5-S1 with a protrusion of 4mm and L2-L3 right paracentral protrusion of 3mm on the thecal sac. *Id.* at 3.

Three years later, in June 2013, psychologist Dr. Barbara F. Sherman performed a consultative examination of Hawist per the request of the SSA. *Id.* Dr. Sherman observed a disheveled, unwashed, unclean appearance. *Id.* She noted a diminished attention focus, extremely slow speech, impaired concentration, impaired judgment with antisocial impulsiveness, and discomfort due to pain. *Id.* She diagnosed alcohol, heroin, and cocaine abuse disorders, along with substance-induced mood disorder, resulting in psychotic symptoms, intermittent explosive disorder, cognitive disorder, and antisocial personality traits. *Id.* Also in June 2013 at the request of the SSA, Dr. Roopa K. Karri, M.D., performed an internal medicine consultative examination. *Id.*; *see also* Pl.'s Medical R., ECF No. 8-8, 39. Dr. Karri's impression of Hawist was that he showed signs of a history of depression, anxiety, learning challenges, attention deficit disorder, alcoholism, heroin abuse, and low back pain with mildly decreased range of motion. ECF No. 17, 4.

In December 2013, Dr. Matthew Gullone, M.D. began treating Hawist for pain. *Id.* Hawist complained of knee and back pain, as well as pain in his right shoulder after a fall. *Id.* Dr. Gullone's examination revealed a limited range of motion. *Id.* In December 2014, Hawist had surgery on his right knee to repair tears in his meniscus and collateral ligament. *Id.* at 5.

Beginning in November 2014, Hawist began seeing a mental health professional. *Id.* at 4. Over the following year, Hawist was seen by a number of treaters, including Doris Schmitt, M.A., QMHP, and Dr. Jason Soriano, Psy.D. *Id.* at 5-6. Both Ms. Schmitt and Dr. Soriano opined that Hawist's impairments cause restrictions in social functioning, maintaining concentration, persistence, and pace and would cause him to be absent from work more than four days per month. *Id.* at 6-7. Dr. Soriano added that Hawist would be "unduly distracted" and "unable to meet competitive standards from 21 to 40% of the work week." *Id* at 7.

Hawist applied for disability insurance benefits on December 26, 2012, alleging disability beginning April 11, 2009. *Id.* at 2. Hawist's application for benefits was initially denied on July 11, 2013 and denied again upon reconsideration on May 30, 2014. *Id.* A video hearing was held before Administrative Law Judge ("ALJ") James D. Wascher of the Social Security Administration on September 11, 2015 and Hawist was represented by counsel at the hearing. *See* ALJ's Apr. 6, 2016 decision, ECF No. 8-3, 17-39. An impartial vocational expert also testified at the hearing. *See* Def.'s Mot. for Summ. J., ECF No. 24, 1.

At the hearing, Hawist testified that he previously worked as a carpenter, but he hurt his back in 2009 and has been unable to work since due to pain and depression. ECF No. 17, 8. Shortly after he hurt his back, he had trouble focusing and was easily confused. *Id.* at 9. Hawist told the ALJ that his depression caused suicidal thoughts that resulted in a hospital stay in January 2015. *Id.* He reported that he had been taking medication for his depression, which did not help, and seeing a therapist weekly. *Id.* He also formerly self-medicated with drugs and alcohol, but he testified that he was sober for the past six years, with only one relapse in January 2015. *Id.* Hawist complained of back, leg, knee, and left shoulder pain, which was exacerbated by standing, walking, and reaching overhead. *Id.* Hawist's sister, Ms. Venterella, also testified at his hearing. *Id.* at 10. She reported that she visited her brother about every other day and observed slow response time

3

and depression. *Id.* She added that he was able to drive himself short distances on good days, but did not like being around other people. *Id.*

At the hearing, the ALJ asked the vocational expert four hypothetical questions about whether jobs would be available in the local or national economy, depending on "possible" limitations or characteristics of an individual. ECF No. 8-3, 78-80. The ALJ and the vocational expert engaged in the following exchange, focused on a hypothetical individual that will likely be off-task during the workday:

> "Q: For my fourth hypothetical question, please assume that the individual has all the limitations and characteristics that I've already identified, but now assume that the individual would be reasonable likely to be off task for more than 20 percent of the workday due to pain, fatigue and mental health symptoms.
> Would that additional set of limitations significantly erode the jobs you identified in responding to hypothetical number 2?
>
> A: Yes, I don't think that it would be compatible with the jobs that I cited and I don't think there would be any other jobs I could cite.
>
> Q: So it would be your professional opinion that it would rule out competitive employment entirely?
>
> A: That's my opinion.
>
> Q: What's the usual tolerance in unskilled work for a person being off task?
>
> A: Right, I don't think 100 percent is the standard, as no one is, but it's a matter of pattern and that pretty consistently a person should be on task about 85 to 90 percent of the day."

*Id.* at 79-80.

In his April 6, 2016 written decision, the ALJ denied Hawist's request for disability benefits. ECF No. 8-3. He concluded Hawist was disabled when considering his current limitations, but there was also evidence that Hawist suffered from substance abuse disorder. *Id.* at 39. Hence, the ALJ concluded that Hawist's substance abuse is a contributing factor material to the determination of disability under section 223(d)(2) of the Social Security Act and, therefore, he cannot be considered disabled. *Id.* at 17. This is because, the ALJ opined, evidence showed that abstinence

from alcohol improved Hawist's mental functioning, which would enable him to reenter the workforce. *Id.* at 39.

Specifically, the ALJ concluded that if Hawist stopped his substance abuse, he would have the residual functional capacity ("RFC") to perform light work, as defined by 20 CFR 404.1567(b), meaning he could sit for a total of about six hours, and stand or walk in combination for a total of about six hours, in an eight-hour workday, with normal breaks and he could lift/carry about twenty pounds occasionally and ten pounds frequently, except Hawist could not engage in overhead reaching with the non-dominant left arm, could never climb ladders, ropes, or scaffolds, could only occasionally stoop. *Id.* at 26. Due to Hawist's moderate limitations in his ability to maintain concentration, persistence, or pace, Hawist would be able to perform simple, routine, repetitive tasks and could have brief and superficial interactions with supervisors and the public. *Id.* at 26-27. Based on testimony of the vocational expert, the ALJ concluded that Hawist was capable of performing work in the national economy. ECF No. 24, 1-2.

Following the ALJ's denial of benefits, Hawist requested the SSA Appeals Council review the ALJ's decision. ECF No. 17, 2. On March 2, 2017, the Appeals Council denied Hawist's request for review. *Id.* This decision of the Appeals Council rendered the ALJ's decision final. *Id.*; *see also Fast v. Barnhart*, 397 F.3d 468, 470 (7th Cir. 2005). Hawist now asks this Court to review the ALJ's decision denying benefits. ECF No. 17, 2.

## II. Standard of Review

When a claimant requests review of the SSA's decision denying benefits, a court is "limited to determining in disability cases whether the Commissioner's final decision is both supported by substantial evidence and based on the proper legal criteria." *Mogg v. Barnhart*, 199 Fed. App'x 572, 575 (7th Cir. 2006). "As the Supreme Court explained in *Richardson v. Perales*, 402 U.S. 389, 401 (1971), [substantial evidence] requires more than 'a mere scintilla' of proof and instead 'such relevant

5

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Egly v. Berryhill*, No. 18-1030, 2018 U.S. App. LEXIS 22831, at *8 (7th Cir. Aug. 16, 2018). It is not the courts' role to "reweigh the evidence" or substitute its judgment for the ALJ's. *Id.* at *8-9. Yet despite some deference from the court, it's review is "not intended to be a rubber-stamp," *see Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018), and the ALJ must nevertheless "build an accurate and logical bridge between the evidence and his conclusion." *Spicher v. Berryhill*, 898 F.3d 754, 757 (7th Cir. 2018) (internal quotation marks omitted). "If an ALJ's decision contains inadequate evidentiary support or a cursory analysis of the issues, this court will reverse." *Luster v. Astrue*, 358 Fed. App'x 738, 740 (7th Cir. 2010); *see also* 42 U.S.C. § 405(g).

### III. Discussion

Hawist argues the ALJ's decision should be overturned for two reasons: first, the ALJ's conclusions about Hawist's RFC – regarding both his physical and mental limitations – are not supported by the evidence in the record, *see* ECF No. 17, 13-20; and second, that the ALJ erred when assessing Hawist's credibility when he testified about the intensity and persistence of his symptoms, *see id.* at 21-22. The Court disagrees with Hawist about the ALJ's RFC conclusions on Hawist's physical limitations, finding the conclusions supported by substantial evidence in the record. *Scholoesser v. Berryhill,* 870 F.3d 712, 717 (7th Cir. 2017). The Court also disagrees with Hawist's argument criticizing the ALJ's credibility determination of his testimony, finding that the ALJ's determination was "not patently wrong" and was also supported by the record. *Engstrand v. Colvin*, 788 F.3d 655, 660 (7th Cir. 2015).

The Court does take issue, however, with the ALJ's RFC analysis relating to Hawist's mental limitations. Hawist challenges the ALJ's mental RFC on the following two grounds: first, that the ALJ gave too much weight to evidence of Hawist's improvement and failed to consider that mental impairments "caused good days and bad days," *see* ECF No. 17, 19; and second, that the ALJ failed

to consider Hawist's potential absenteeism and off-task behavior during the workday, *see id.* at 20, ECF No. 27, 8-9. Here, this Court believes that the ALJ did, in fact, consider Hawist's propensity for off-task behavior, but failed to provide any analysis in his decision whatsoever for his reasons for not including this evidence in Hawist's RFC. This lack of an "accurate and logical bridge between the evidence and his conclusion" warrants remand. *Spicher*, 898 F.3d at 757.

In his opening brief, Hawist argues that the ALJ erred in finding him capable of full-time work despite two health professionals, therapist Ms. Schmitt and psychologist Dr. Soriano, opining his mental impairments would cause him to be absent more than four day a month and that he may frequently be off-task and unable to meet the competitive standards of a workplace. ECF No. 17, 20. In his reply, Hawist more specifically takes issue with the ALJ's lack of discussion in his decision of off-task time or absenteeism, despite the fact that the ALJ, on his own, raised a hypothetical question to the vocational expert regarding off-task behavior "due to pain, fatigue and mental health symptoms" at Hawist's hearing. ECF No. 27, 8-10; *see also* Tr. of Sept. 11, 2015 hearing, ECF No. 8-3, 79-80. The Commissioner, on the other hand, concedes the ALJ excluded a discussion of absenteeism from his decision, but argued the ALJ did so reasonably because he did not give much weight to Dr. Soriano or Ms. Schmitt's opinions. ECF No 24, 18. The Commissioner argued that because the ALJ's RFC conclusion is prospective – Hawist's RFC *if abuse of alcohol ceased* – the ALJ rightfully disregarded much of these treater's opinions because they did "not assess the impact of [substance abuse]." *Id.* (internal citations omitted). Furthermore, the Commissioner argued that Hawist did not challenge the ALJ's evaluation of these opinions. *Id.*

Frankly, it is unreasonable to ask this Court to believe that the ALJ did not consider Hawist's potential for absenteeism or off-task behavior. The record is clear; the ALJ asked the vocational expert at Hawist's hearing to consider off-task behavior based on fatigue, pain, and mental health symptoms in a hypothetical question involving Hawist's job prospects. *See* ECF No. 8-3, 79-80.

7

This is evidence the ALJ did, in fact, consider the evidence. Whether the ALJ properly analyzed the evidence about Hawist's propensity for absenteeism and off-task behavior in reaching his conclusion that Hawist is capable of light work is another question entirely. That question is one this Court cannot decide because the ALJ failed to provide any analysis on the subject whatsoever. In *Kukec v. Berryhill,* No. 16 CV 9805, 2017 U.S. Dist. LEXIS 185803 (N.D. Ill. Nov. 9, 2017), the ALJ pointedly solicited opinions from a vocational expert concerning off-task time, but the failed to come to any conclusion regarding off-task time. *Id.* at *10-13. There, the court held that asking questions to a vocational expert showed the ALJ *did* consider the issue of off-task time, and failure to provide an "off-task bridge and conclusion" warranted remand. *Id.* at *11-12. Here, the same is required.

### IV. Conclusion

In summary, this Court must reverse and remand this decision because the ALJ failed to provide any analysis about his consideration of Hawist's propensity for absenteeism and off-task behavior in the workplace, despite considering the evidence in the record. Thus, the ALJ did not build and accurate and logical bridge between the evidence and his conclusions as required by law. At this time, the Court offers no opinion as to the other alleged bases of error raised by Hawist, other than addressed herein. Plaintiff's Motion is granted in part and denied in part; the Commissioner's Motion is denied. The decision of the Commissioner is reversed and remanded for further review consistent with this opinion.

Date: December 6, 2018            By: _____
                                  Iain D. Johnston
                                  United States Magistrate Judge